Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS DOTSON, *on behalf of himself and those similarly situated*,<br><br>   Plaintiff,<br> vs.<br><br>ATLANTIC CREDIT & FINANCE, INC.;<br>MIDLAND FUNDING LLC;<br>and JOHN DOES 1 to 10,<br><br>   Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Luis Dotson, by way of Class Action Complaint against Defendants Atlantic Credit & Finance, Inc., and Midland Funding LLC (and John Does 1 to 10) states:

## I. NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## II.   JURISDICTION AND VENUE

2.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

4.      Plaintiff Luis Dotson ("Plaintiff" or "Dotson") is a natural person residing in Bergen County, New Jersey.

5.      Defendant Atlantic Credit & Finance, Inc. ("AC&F") is a collection agency with a principal place of business located at 3353 Orange Avenue, Roanoke, Virginia, 24012.

6.      Defendant, Midland Funding LLC ("MF"), is a Delaware limited liability company with its principal place of business at San Diego, California. MF is engaged in the purchase and collection of defaulted consumer debts.

7.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

8.   In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

### A.  Background

9.      Defendants are not in the business of extending credit, selling goods or services to consumers.

10.     Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11.     The principal purpose of Defendants is the collection of debts.

12.     When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

13.     Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

14.     The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

15.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

16.     Defendants contend that the Account was past-due and in default.

17.     Defendants are debt collectors.

18.     The Account was assigned to Defendants for collecting the Debt.

19.     The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

### B. Violations of the FDCPA

20.     In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on January 26, 2018 and on February 7, 2018 (the "Letters"). A true but redacted copy of the Letters are attached as **Exhibit A**.

21.     Plaintiff received and reviewed the Letters.

22.     The 1/26/18 Letter was the initial written communication from Defendants to Plaintiff concerning the Debt.

23.     Section 1692g(a) of the FDCPA requires a debt collector to convey to the consumer important statutory rights ("Validation Notice").

24.     The Validation Notice is an important statutory right which must be sufficiently prominent and be readily noticed.  It cannot be overshadowed by its placements, other languages or notice in the letter.

25.     However, the Validation Notice on the 1/26/18 Letter is overshadowed and contradicted by the 2/7/18 Letter, which threatened:

> a. "This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call 800-888-9419 to discuss your options."
>
> b. "If we don't hear from you or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney."

26.     By threatening to forward the account to an attorney and possible litigation, Defendants overshadowed the Validation Notice.

27.     Furthermore, the 1/26/18 Letter states: "**To discuss this debt, please contact Alicia Shiflett toll free at 866-397-4100** . . . ."

28.     And, the 2/7/18 Letter states: "For disputes call 800-888-9419 or write to . . . ."

29.     Therefore, the statements in the Letters would mislead the least sophisticated consumer into calling—rather than writing—to dispute a debt, which "is not a legally effective alternative for disputing the debt."[1]

30.     Therefore, the Letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

31.     Lastly, Defendants have violated section 1692f(8) of the FDCPA by intentionally making visible "Atlantic Credit & Finance" on the window of the envelopes, which indicates that they are in the debt collection business.

32.     Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(8), 1692g, 1692g(a)(4), and 1692g(b).

33.     Defendants used the same procedures that they employed in sending the Letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.     CLASS ACTION ALLEGATIONS

34.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time

---

[1] *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 151 (3d Cir. 2013) (citing *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991)). See also *Kassin v. AR Res., Inc.*, No. 16-4171 (FLW), 2018 U.S. Dist. LEXIS 209998, at *23 (D.N.J. Dec. 13, 2018) ("As such, the language here resembles the circumstances in *Graziano*, because its stands in juxtaposition to the language in the validation notice providing that a dispute must be in writing to be effective, thereby foregoing his or her statutory right under the FDCPA to dispute the debt.").

Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the State of New Jersey, to whom, beginning January 25, 2018, through and including the final resolution of this case, Atlantic Credit & Finance, Inc., sent written communications in the same or similar form as Exhibit A, on behalf of Midland Funding LLC, in attempts to collect a debt.

35.    Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Letters.

36.    Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

37.    The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

38.    There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

A.    Whether Defendants are debt collectors under the FDCPA;

B.    Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(8), 1692g, 1692g(a)(4), and 1692g(b); and

C.    Whether Plaintiff and the class are entitled to damages.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

40.     The claims of the Plaintiff are typical of the claims of the members of the class.

41.     The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

42.     Plaintiff does not have interests antagonistic to those of the class.

43.     The class, of which Plaintiff is a member, is readily identifiable.

44.     Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

45.     The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

46.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.  VIOLATIONS OF THE FDCPA

47.  Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

48.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

49.  The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

50.  Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

51.  Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

52.  The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

53.  Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(8), 1692g, 1692g(a)(4), and 1692g(b).

54.  The violations of the FDCPA described herein constitute *per se* violations.

55.  Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Luis Dotson demands judgment against Defendants Atlantic Credit & Finance, Inc., and Midland Funding LLC, as follows:

A.  For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC and the Law Office of Ronald I. LeVine, Esq., as class counsel;

B.  For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.  For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.      For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E.      For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.      For pre-judgment and post-judgment interest; and

G.      For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except *Dotson v. Midland Funding LLC*, No. 2:18-cv-16253-JLL-JAD (D.N.J.).

KIM LAW FIRM LLC

*s/Yongmoon Kim*

Yongmoon Kim

*Attorneys for Plaintiff*

Dated: January 25, 2019