Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DOTSON, individually and on behalf of those similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ATLANTIC CREDIT & FINANCE, INC., *et al.*,<br><br>*Defendants.* | Civil Action No. 19-1143<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the September 27, 2019 Report and Recommendation (the "R&R") of Magistrate Judge Joseph A. Dickson. D.E. 18. The R&R addressed Defendants' motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*, D.E. 11, and recommends that this Court deny Defendants' motion without prejudice. R&R at 9; and it

**APPEARING** that the parties were advised that any objection to the R&R must be filed by October 11, 2019. D.E. 18; and it

**APPEARING** that the Court did not receive any objections to the R&R and the time for filing any objections expired; and it

**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No.

10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that Defendants filed their motion to compel arbitration in lieu of answering the Complaint. R&R at 3. A court may apply the Rule 12(b)(6) standard to a motion to compel arbitration when the affirmative defense of arbitrability is apparent on the face of the complaint or in documents relied upon in the complaint. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013). The Rule 12(b)(6) standard, however, is inappropriate when the complaint either does not clearly establish the parties' agreement to arbitrate or " if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Id.* In such instances, the motion must be evaluated under the Rule 56 summary judgment standard after "limited discovery" as to "the question of arbitrability." *Id.*; and it further

**APPEARING** that Judge Dickson correctly followed the framework set forth in *Guidotti* and determined that "Plaintiff's Complaint does not reference the agreement containing the arbitration provision and arbitrability between the parties is ambiguous on the face of the Complaint and the documents relied upon therein." R&R at 9. As a result, Judge Dickson determined that this Court should decline to apply the Rule 12(b)(6) standard and deny Defendants' motion without prejudice at this time. Judge Dickson also concluded that because the Rule 12(b)(6) standard was not appropriate, the parties should be provided with an opportunity to take limited discovery on the issue of arbitrability. *Id.*; and it further

**APPEARING** that this Court independently reviewed the record and the R&R, concurs with Judge Dickson's recommendations, and hereby adopts the R&R as the Opinion of this Court;

**THEREFORE**, for the foregoing reasons, and for good cause shown,

2

**IT IS** on this 22nd day of October, 2019,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 18, in its entirety; and it is further

**ORDERED** that Defendants' motion to compel arbitration, D.E. 11, is **DENIED without prejudice**; and it is further

**ORDERED** that the parties are directed to request that Judge Dickson hold a conference in this matter to discuss a schedule for taking limited discovery on the issue of arbitrability.

John Michael Vazquez, U.S.D.J.